IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN CUTLER, an individual,  No. 3:18-cv-01045-YY

       Plaintiff,

       v.

U.S. BANK NATIONAL ASSOCIATION,  ORDER
a nationally registered banking association,

       Defendant.

HERNANDEZ, District Judge:

    Magistrate Judge You issued a Findings & Recommendation (#18) on December 3, 2018, in which she recommends the Court grant Defendant's Request for Judicial Notice and grant in part and deny in part Defendant's motion to dismiss. Defendant has timely filed objections to the Findings & Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Defendant's objections which are limited to the portion of the Findings & Recommendation addressing the breach of contract claim. There are no objections by either party to the other portions of the Findings & Recommendation. For the reasons explained below, I agree with Defendant that the breach of contract claim should be dismissed. Otherwise, I conclude there is no basis to modify the Findings & Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

Plaintiff's breach of contract claim appears to be based on five separate theories: (1) breach of express contractual provisions; (2) breach of the implied duty of good faith and fair dealing; (3) modification; (4) waiver; and (5) estoppel. As Judge You did, I address each theory separately.[1]

I. Breach of Contract - Material Breach of Express Contract

Judge You concluded that it was reasonable for Plaintiff to construe an October 10, 2017 mortgage statement[2] as providing the correct amount to reinstate his loan and avoid foreclosure. By making payment in that amount more than five days before the scheduled foreclosure sale,

---

[1] Judge You did not discuss the estoppel theory because she determined it was not at issue in the motion to dismiss. Because I dismiss the breach of express contract claim, I reviewed the Complaint, the briefing on the motion to dismiss, the Findings & Recommendation, and Defendant's objections, in regard to all of the contractual-claim theories. As explained more fully below, I determine that as currently presented, all are insufficiently pleaded. Therefore, dismissal of the breach of contract claim is appropriate.

[2] Ex. 2 to Def.'s Mot. to Dismiss, ECF 5-6.

2 - ORDER

she found that Plaintiff performed his obligations under the Trust Deed and Defendant thus violated the terms of the Trust Deed by continuing with the foreclosure sale on November 9, 2017. Judge You correctly cited elements of a breach of contract claim under Oregon law. Findings & Rec. (F&R) 9. She also appropriately cited to Oregon statutes regarding non-judicial foreclosures. As I read the Trust Deed's several paragraphs under § 15 related to Defendant's remedies on default, the Trust Deed incorporates applicable Oregon law regarding trust deeds and non-judicial foreclosures. Trust Deed[3] at § 15 (stating that federal and state law might require the lender to provide a notice of the right to cure, that a notice of acceleration of the debt may be required by law, and requiring the trustee to give notice of sale as required by applicable law in effect at the time of the proposed sale). *See Woods v. Wells Fargo Bank, N.A.*, No. 6:13-cv-00457-AA, 2014 WL 334253, at *5 (D. Or. Jan. 28, 2014) (parties can incorporate statutes into a contract); *Garrett v. State Farm Mutual Ins. Co.*, 112 Or. App. 539, 542-44, 829 P.2d 713, 715 (1992) (holding that insurance policy which defined "Personal Injury Protection Act" to mean certain sections of the Oregon statutes, incorporated those statutes by reference).

Under the express terms of the Trust Deed, Plaintiff was obligated to make timely loan payments. He failed to do so. Thus, he was in breach of the terms of the Trust Deed. Under the express terms of the Trust Deed, Defendant then exercised its right to accelerate the debt and initiate foreclosure proceedings. Trust Deed § 15. The terms of the Trust Deed itself do not address the right to cure the default or reinstate the loan, but that is clearly what Plaintiff attempted to do with his $13,189.70 payment. Under Oregon Revised Statute § (O.R.S.) 86.778, a debtor may cure the default and dismiss the foreclosure proceedings if, any time before five

---

[3] Ex. A to Def.'s Req. for Jud. Not., ECF 5-2.

3 - ORDER

days before the date set for sale, the debtor pays the entire amount due at the time of cure, plus all costs and expenses incurred in enforcing the obligation and trust deed, and trustee's and attorney's fees in the amount of $1,000 for both trustee's and attorney's fees, or the amount actually charged by the trustee and attorney, whichever is less. O.R.S. 86.778(1); *Staffordshire Invs., Inc. v. Cal-W. Reconveyance Corp.*, 209 Or. App. 528, 542, 149 P.3d 150, 158 (2009) (noting that Oregon statutes "provide[] a mechanism by which the grantor can, at anytime prior to five days before the date set for sale, cure the default and dismiss the proceedings. In that case, the trust deed is reinstated and has the same force as if no acceleration had occurred").

Thus, with applicable Oregon law incorporated into the Trust Deed, Defendant complied with the Trust Deed terms in the face of Plaintiff's breach by accelerating the total debt, demanding payment of that amount, and initiating foreclosure subject to the Oregon statute giving Plaintiff the right to cure and dismissal of the foreclosure proceedings by paying the total amount due plus costs incurred in enforcing the obligation and actual trustee's fees and attorney's fees or $1,000, whichever is less. That is, unless Plaintiff complied with O.R.S. 86.778, all obligations secured by the Trust Deed were due and payable and the foreclosure sale scheduled for November 9, 2017 was consistent with the terms of the Trust Deed.

Plaintiff refers to his "good faith performance[.]" Compl. ¶ 6, ECF 1-1. Although this reference is in the background factual section of his Complaint, he incorporated those paragraphs by reference into his breach of contract claim, Compl. ¶ 16, and for the purposes of this Order, I accept that Plaintiff alleges that he fully performed his obligations under the Trust Deed. However, while Plaintiff makes this general assertion of performance, he does not allege that he paid "all obligations secured by the Trust Deed" and does not cite to O.R.S. 86.778 in his

Complaint.  He does not allege that he paid the costs and trustee's/attorney's fees, or the $1,000 alternative.  Thus, his conclusory assertion that he performed in good faith is not supported by relevant factual allegations in the Complaint.

The Trust Deed is the contract.  Under its unambiguous terms, Plaintiff breached the Trust Deed by defaulting on his payment obligations.  Under its unambiguous terms, Defendant elected to accelerate the amount due and initiate foreclosure.  Under its unambiguous terms, Oregon law regarding non-judicial foreclosures applied.  Under Oregon law, in order for Plaintiff to fully perform under the Trust Deed, and tender a performance consistent with Oregon law statutes which are incorporated into the Trust Deed, Plaintiff had to pay the full amount owed unless, pursuant to O.R.S. 86.778 he made a payment five days before the November 9, 2017 sale date, or earlier, of the payment/reinstatement amount plus costs and attorney's fees/trustee's fees in their actual amount or $1,000, whichever is less.

Plaintiff fails to allege facts establishing a plausible claim for breach of express contract because he fails to allege sufficient facts showing that he performed the contract as outlined in the prior paragraph.  I respectfully decline to adopt the F&R on this point for three reasons: (1) the F&R analysis relies on statements and conduct outside of the terms of the Trust Deed, which, while possibly supporting a different theory of recovery based on, for example, modification, does not support a claim based on the breach of the actual terms of the Trust Deed; (2) the October 10, 2017 mortgage statement clearly states that the $13,189.70 noted as the total amount due, is not a payoff or reinstatement amount and it directs the borrower to call a particular number to obtain a up-to-date reinstatement amount; and (3) the Trust Deed language regarding the lender's option to not collect fees does not apply to cure/reinstatement under O.R.S. 86.778

5 - ORDER

because that paragraph speaks only to the amounts that are immediately due and payable should the lender opt to accelerate payment of the loan. For the reasons explained here, Plaintiff did not state a plausible claim for breach of express contract. Nonetheless, I allow Plaintiff the opportunity to replead the claim with specific, nonconclusory factual allegations in support of any full performance of his obligations.

II. Breach of Implied Duty of Good Faith & Fair Dealing

As Judge You recognized, Oregon recognizes an implied contractual duty of good faith and fair dealing. F&R 12-3; *e.g. Best v. U.S. Nat'l Bank. of Or.*, 303 Or. 557, 561, 739 P.2d 554, 557 (1987). The contractual good faith doctrine is designed to "effectuate the reasonable contractual expectations of the parties." *Id.* at 563, 739 P.2d at 558; *see also Klamath Off-Project Water Users, Inc. v. Pacificorp*, 237 Or. App. 434, 445, 240 P.3d 94, 101 (2010) (the implied duty of good faith and fair dealing "serves to effectuate the objectively reasonable expectations of the parties"). "[S]o long as it is not inconsistent with the express terms of a contract, the duty of good faith and fair dealing is a contractual term that is implied by law into *every* contract." *Eggiman v. Mid-Century Ins. Co.*, 134 Or. App. 381, 386, 895 P.2d 333, 335 (1995) (internal quotation marks omitted). The duty "does not operate in a vacuum[;]" rather it "focuses on the agreed common purpose and the justified expectations of the parties, both of which are intimately related to the parties' manifestation of their purposes and expectations in the express provisions of the contract." *Or. Univ. Sys. v. Or. Pub. Emp. Un*, 185 Or. App. 506, 515-16, 60 P.3d 567, 572 (2002) (internal quotation marks omitted). Because the duty cannot contradict an express contractual term, it "'may be implied as to a disputed issue *only* if the parties have not agreed to an express term that governs that issue.'" *Arnett v. Bank of Am., N.A.*,

874 F. Supp. 2d 1021, 1033 (D. Or. 2012) (quoting *Or. Univ. Sys.*, 185 Or. App. at 511, 60 P.3d at 570) (emphasis in *Arnett*).

In concluding that Plaintiff adequately pleaded this claim, Judge You cited to paragraphs 5 and 6 of the Complaint which allege that Plaintiff tendered a cashier's check to U.S. Bank in the amount of $13,189.70 on November 3, 2017, six days before the foreclosure sale, that the bank representative accepted the reinstatement payment unequivocally and provided Plaintiff with an official receipt, and then the bank, without further communication, wrongfully instructed the trustee to proceed with the sale or wrongfully failed to instruct the trustee not to proceed with the sale. F&R 14 (citing Compl. ¶¶ 5, 6.) Judge You then referred to her discussion of the breach of contract claim to analyze the breach of the implied duty of good faith and fair dealing claim, found that Plaintiff contended that Defendant acted in bad faith by misleading him about the reinstatement amount that was due, and stated that "implicit in plaintiff's allegations is that US Bank violated community standards of decency, fairness, and reasonableness, and injured his right to receive the fruits of the contract." *Id.* at 14-15.

Plaintiff, however, fails to allege how Defendant breached the implied duty of good faith and fair dealing "by doing something other than that which Defendant had an express contractual right to do." *Lorenz v. Deutsche Bank Nat'l Trust Co.*, No. 3:15-cv-00680-SI, 2015 WL 5813174, at *5 (D. Or. Oct. 5, 2015) (referring to prior opinion in which the Court stated that to properly allege a claim for breach of the implied duty of good faith and fair dealing, the plaintiff had to make such an allegation). In fact, Plaintiff's allegations in support of the breach of contract claim suggest he possibly misunderstands the basis of this claim. He alleges that Defendant's conducting the sale after allegedly receiving the full reinstatement payment

7 - ORDER

"constitutes a material breach of both the express contractual terms thereof, and of the covenant of good faith and fair dealing implied in every contract." Compl. ¶ 17. As the cases indicate, when an express contractual term governs the disputed issue, the proper claim is a breach of express contract. Plaintiff's allegations muddle the distinction between a claim based on an express provision and one based on the *implied* duty of good faith and fair dealing.

Other elements of the claim are also absent. There are no allegations as to the relevant contract terms, the parties' reasonable expectations under the contract, or how Defendant's conduct was inconsistent with the parties' reasonable expectations. Compl. ¶¶ 5, 6, 17. Without these allegations, Plaintiff fails to state a plausible claim for breach of the implied duty of good faith and fair dealing. *See Schmelzer v. Wells Fargo Home Mortg.*, No. CV-10-1445-HZ, 2011 WL 5873058, at *8 (D. Or. Nov. 21, 2011) (dismissing implied duty of good faith claim and cautioning that in any amended complaint, the plaintiff "must more precisely identify the actual contract at issue, the parties to the contract, the basis of the implied duty of good faith and fair dealing in that contract, the specific conduct which allegedly breached that duty, and how the alleged actions injured or destroyed some right or expectation plaintiff possesses under the contract" and without such allegations, the claim would remain "subject to dismissal for failure to state a claim.").

I grant the motion to dismiss to the extent the breach of contract claim is premised on this theory of relief. Moreover, while this theory of recovery is often pleaded with breach of contract claims, it is actually an independent theory of recovery and is not merely an alternative theory in support of a claim alleging breach of express contract. *See Klamath Off-Project Water Users*, 237 Or. App. at 445, 240 P.3d at 101 (implied duty of good faith and fair dealing claim may be

8 - ORDER

pursued independent of claim based on the breach of express contract terms). In any amended complaint, Plaintiff's claims and allegations might be more clear if this claim is separately pleaded.

III. Breach of Contract Based on Theories of Modification, Waiver, and Estoppel

In a single paragraph, Plaintiff's Complaint raises theories of modification, waiver, and estoppel. Compl. ¶ 18. Each is supported by a single, conclusory allegation following the allegation that "by Defendant accepting Plaintiff's $13,189.70 payment, and providing an express receipt therefore," (1) the "parties conduct and exchange constituted a modification of the parties' alleged agreement and respective rights"; (2) Defendant affirmatively waived any rights it may otherwise have had to proceed to any sale of Plaintiff's home; and (3) Defendant was equitably estopped from proceeding to sale based on "such conduct" and "Plaintiff's reasonable, detrimental reliance thereon in believing he need take no further action[.]" *Id.*

The allegations are insufficiently pleaded. As to modification, Plaintiff fails to identify what term(s) of the Trust Deed were modified or waived. While he alleges that the bank's acceptance of the $13,189.70 check and provision of the receipt constituted a modification of the "alleged agreement" or that "such conduct" affirmatively waived rights Defendant may have had to sell the property, he still fails to identify what provision of the Trust Deed is at issue. Additionally, his allegation regarding the bank's acceptance of his $13,189.70 check clearly implicates the October 10, 2017 mortgage statement, but he fails to mention this document anywhere in the Complaint.

Judge You correctly noted that conduct may manifest acquiescence in a modification. F&R at 5 (citing *Adair Homes, Inc. v. Jarrell*, 59 Or. App. 80, 85, 650 P.2d 180, 183 (1982)).

9 - ORDER

However, modification requires mutual assent and must be supported by consideration. *Bennett v. Farmers Ins. Co. of Or.*, 332 Or. 138, 148, 26 P.3d 785, 792 (2001). Moreover, "when assent to a modification occurs by conduct, that conduct must be 'unequivocal.'" *Martin v. Comcast of Cal./Colo./Fla./Or., Inc.*, 209 Or. App. 82, 97, 146 P.3d 380, 388 (2006). Ultimately, whether a statement or act is a manifestation of assent to a modification is a question of fact for the jury. *See Yartzoff v. Democrat-Herald Publ'g Co.*, 281 Or. 651, 657, 576 P.2d 356, 359 (1978). But, Plaintiff still must plead facts showing a plausible claim of modification by alleging the relevant terms of the applicable contract, how they were modified, and facts capable of supporting mutual assent and consideration. Here, although not expressly alleged, I assume Plaintiff supports the mutual assent element with his allegations that he presented the $13,189.70 check and Defendant accepted that amount. But, in light of the record showing that the amount is derived from the October 10, 2017 mortgage statement which itself states that the amount is not a payoff or reinstatement amount, the claim as presently pleaded fails to plausibly plead this element. Nonetheless, it is possible that Plaintiff may be able to amend this claim and given that leave to amend other claims is appropriate, I dismiss this claim without prejudice.

As to the waiver allegation, waiver, which can occur by conduct or oral representation, is the "intentional relinquishment or abandonment of a known right or privilege. *Moore v. Mut. of Enumclaw Ins. Co.*, 317 Or. 235, 240-41, 855 P.2d 626, 629-30 (1993). Plaintiff's Complaint fails to plead any facts supporting that Defendant's alleged waiver was intentional. This claim is dismissed without prejudice.

Finally, as to the estoppel allegation, it is unclear if Plaintiff's theory is one of promissory estoppel or equitable estoppel. Either way, he fails to sufficiently allege facts supporting the

claim. The elements of an equitable estoppel theory of recovery are: (1) a false representation (2) made with knowledge of the facts; (3) the other party's ignorance of the truth; (4) made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. *Dobie v. Liberty Homes, Inc.*, 53 Or. App. 366, 372, 632 P.2d 449 (1981). Plaintiff's Complaint contains no allegations addressed to these elements.

Promissory estoppel is a "'subset of and a theory of recovery in breach of contract actions,'" *Kraft v. Arden*, No. CV 07-487-PK, 2008 WL 4866182, at *10 (quoting *Neiss v. Whlers*, 135 Or. App. 218-277-28, 899 P.2d 700, 706 (1995)). But, "[p]romissory estoppel does not apply when a valid contract exists." *Id.* Thus, to the extent Plaintiff relies on a theory of promissory estoppel, it appears inconsistent with his allegations of the existence of an express contract. The elements of a promissory estoppel theory of recovery are: (1) "a promise; (2) which the promisor could reasonably foresee would induce conduct of the kind that occurred; (3) actual reliance on the promise; and (4) a substantial change in position by the party seeking to enforce the promise." *Glob. Exec. Mgmt. Sols., Inc. v. Int'l Bus. Machines Corp.*, 260 F. Supp. 3d 1345, 1381 (D. Or. 2017) (internal quotation marks omitted). Plaintiff's Complaint lacks factual assertions in support of a promissory estoppel theory of recovery.

Because Plaintiff fails to plead a plausible claim or theory of either type of estoppel, such a claim/theory is dismissed with leave to amend.

CONCLUSION

The Court ADOPTS IN PART Magistrate Judge You's Findings & Recommendation [18], and therefore, Defendant's motion to dismiss [5] is granted in its entirety. The wrongful foreclosure claim is dismissed with prejudice and without leave to amend. The breach of

contract claim (and all theories of recovery asserted as part of the breach of contract claim) and the declaratory relief to quiet title claim are dismissed without prejudice and with leave to amend. In any amended pleading, Plaintiff is ordered to identify the particular theory of estoppel on which he relies and he should separate the claim for the breach of the implied duty of good faith and fair dealing from the breach of contract claim. Any amended complaint is due within fourteen (14) days of the date of this Order. Defendant's Request for Judicial Notice [5-1] is granted.

  IT IS SO ORDERED.

DATED this \_\_\_\_9\_\_\_\_ day of \_\_January\_\_, 2019.

_____
MARCO A. HERNANDEZ
United States District Judge